# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EVELYN BOLLENBACH, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-19-233-G |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## ORDER

Now before the Court is Defendant United States of America's Motion to Dismiss (Doc. No. 9). Plaintiff Evelyn Bollenbach has responded (Doc. No. 10), and Defendant has replied (Doc. No. 11).

### BACKGROUND AND SUMMARY OF THE PLEADINGS

Plaintiff brings this suit to recover damages for injuries allegedly suffered as a result of a motor-vehicle collision that occurred on October 12, 2017, involving herself and an individual identified as "Robinson." Compl. ¶¶ 2, 7 (Doc. No. 1). Plaintiff alleges that Robinson ran a red light, striking another vehicle that in turn struck Plaintiff's vehicle. *Id*. ¶ 7. Plaintiff alleges the collision resulted in "sever[e] property damage and severe personal injury" and asserts claims for negligence and property damage. *Id.* ¶¶ 7, 11-18, 19-20.

The Complaint states that at the time of the collision, Robinson was an employee of the Tribal Health and Welfare Department and was acting within the scope of her employment. *See id.* ¶ 3. The Tribal Health and Welfare Department is an Indian

Contractor pursuant to the Indian Self-Determination and Education Assistance Act ("ISDEAA"), Public Law 93-638, and therefore an entity under the administration of the United States Department of Health and Human Services ("USDHHS"). *Id.* ¶¶ 3, 4, 13. Plaintiff contends that, as a result of the Tribal Health and Welfare Department's status as an Indian Contractor, her exclusive remedy against Defendant is pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401. *See id*. ¶¶ 4, 14.

DISCUSSION

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant moves to dismiss Plaintiff's claims for lack of subject-matter jurisdiction. Specifically, Defendant asserts that because Plaintiff has not adequately pled facts from which it may be inferred that Robinson was an employee of the federal government and was acting within the scope of her employment, the United States' limited waiver of sovereign immunity in the FTCA does not extend to Plaintiff's claims. *See* Def.'s Mot. (Doc. No. 9) at 2, 4, 5; *In re Franklin Sav. Corp.*, 385 F.3d 1279, 1287 (10th Cir. 2004) (stating that the doctrine of sovereign immunity "precludes suit against the United States without the consent of Congress" and "the terms of its consent define the extent of the court's jurisdiction" (internal quotation marks omitted)).

Plaintiff responds that she has properly and sufficiently pled that Robinson "was an employee in the Tribal Health and Welfare Department during the course and scope of his/her employment duties." Pl.'s Resp. (Doc. No. 10) at 2 (internal quotation marks omitted). Pointing to evidence outside the Complaint, Plaintiff alternatively argues that the Court should convert the Rule 12(b)(1) Motion to Dismiss to a Rule 56 motion for

2

summary judgment on the basis that the question of Robinson's employment status is a jurisdictional question intertwined with the merits of her case. *See id*. at 5-10. Plaintiff also requests additional discovery to determine jurisdictional facts known to Defendant but unavailable to her. *See id*. at 9-10.

Defendant replies that: (1) none of the factual allegations presented in Plaintiff's Response as supporting Robinson's employee status at the time of the accident were included in the Complaint and, therefore, should not be considered by the Court; (2) the issue of employee status is not intertwined with the merits of the claims; and (3) jurisdictional discovery would be improper as Defendant's Motion is a facial, rather than factual, attack on the pleadings. *See* Def.'s Reply (Doc. No. 11) at 1-2, 3.

Because subject-matter jurisdiction depends on whether the government's sovereign immunity has been waived, a motion contending there has been no such waiver (and seeking dismissal on that basis) is properly asserted under Rule 12(b)(1). *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995); *see also E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1302-03 (10th Cir. 2001). A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction takes one of two forms: a facial attack or a factual attack. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). Here, Defendant makes a facial attack on the sufficiency of the allegations contained in the Complaint. Def.'s Mot. at 2, 4, 5; Def.'s Reply at 2. A facial attack questions the sufficiency of the complaint's allegations. *Pueblo of Jemez*, 790 F.3d at 1148 n.4. In reviewing a facial attack, a district court confines its analysis to the pleadings and must accept the allegations in the complaint as true. *See id*. This approach contrasts with that

for a factual attack, where the moving party challenges the facts upon which subject-matter jurisdiction depends. *Id*.

As the party asserting federal jurisdiction, Plaintiff bears "the burden of alleging the facts essential to show jurisdiction." *U.S. ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797-98 (10th Cir. 2002) (internal quotation marks omitted). The FTCA provides "a limited waiver making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976); *see* 28 U.S.C. § 1346(b). "[W]hen a defendant asserts that the FTCA complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged." *Garling v. U.S. Envtl. Prot. Agency*, 849 F.3d 1289, 1293 n.3 (10th Cir. 2017) (alteration and internal quotation marks omitted).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679; *see Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (stating that "the degree of specificity

necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context").

"The FTCA provides a limited waiver of sovereign immunity, allowing the United States to be sued for damages arising from torts committed by government employees acting within the scope of their employment." *Tsosie v. United States*, 452 F.3d 1161, 1163 (10th Cir. 2006). The FTCA defines "employee of the government" to include a "person[] acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation." 28 U.S.C. § 2671. Plaintiff alleges the Tribal Health and Welfare Department is an Indian Contractor under the ISDEAA and that Robinson was working for the Tribal Health and Welfare Department. *See* Compl. ¶¶ 3, 4. These are sufficient facts to establish, if true, that Robinson was a federal employee for purposes of the FTCA. *See Tsosie*, 452 F.3d at 1163 ("'[E]mployees of the government include . . . employees of federal agencies . . . .").

In order for Plaintiff's claims to fall within the FTCA's waiver of sovereign immunity, Plaintiff must additionally show that Robinson was acting in the scope of that employment at the time of the accident. As explained by the Ninth Circuit:

> An employee's conduct is covered by the FTCA if, while executing his contractual obligations under the relevant federal contract, his allegedly tortious conduct falls within the scope of employment as defined by state law. Thus, the federal contract "defines the nature and contours of an employee's official responsibilities; but the law of the state in which the tortious act allegedly occurred determines whether the employee was acting within the scope of those responsibilities." *Lyons v. Brown,* 158 F.3d 605, 609 (1st Cir. 1998).

*Shirk v. U.S. ex rel. Dep't of Interior*, 773 F.3d 999, 1005-06 (9th Cir. 2014) (alteration and footnote omitted); *see also Tsosie*, 452 F.3d at 1163. This scope-of-employment inquiry involves a two-step approach:

> [A] plaintiff in an FTCA suit must identify which contractual provisions the alleged tortfeasor was carrying out at the time of the tort. At the first step of the . . . inquiry, courts must determine whether the alleged activity is, in fact, encompassed by the relevant federal contract or agreement. The scope of the agreement defines the relevant "employment" for purposes of the scope of employment analysis at step two. Second, courts must decide whether the allegedly tortious action falls within the scope of the tortfeasor's employment under state law. If both of these prongs are met, the employee's actions are covered by the FTCA.

*Shirk*, 773 F.3d at 1006 (footnote omitted) (addressing a waiver of sovereign immunity under the ISDEAA). Failure at either of these steps is sufficient to defeat subject-matter jurisdiction. *Id.*; *see Richie v. U.S. ex rel. U.S. Dep't of Interior*, No. CIV-15-1154-M, 2017 WL 354222, at *2 (W.D. Okla. Jan. 24, 2017) (denying motion to dismiss for lack of subject-matter jurisdiction after applying *Shirk* in determining whether tribal police officer was acting within the scope of his employment at the time of a motor-vehicle accident).

Here, the parties agree that Congress has extended the waiver of sovereign immunity in the FTCA to claims arising under the performance of duties under an ISDEAA contract. *See* Def.'s Mot. at 5-6; Pl.'s Resp. at 5. But Plaintiff has not alleged any facts identifying the contractual provisions Robinson was allegedly carrying out at the time of the accident or any other facts indicating she was acting in the scope of her employment. Instead, the Complaint merely includes the conclusion that Robinson was acting within the course and scope of her employment for the Tribal Health and Welfare Department. *See* Compl. ¶¶ 3, 8, 12.

Plaintiff argues that the documents she has attached to her Response allow a reasonable inference "that the tortfeasor was acting within the course and scope [of her employment] at the time of the accident." Pl.'s Resp. at 6. These documents appear to reflect that the vehicle driven by Robinson was owned by the U.S. Department of Health and Human Services and that a tribal insurance administrator acknowledged that Robinson was an employee of the Tribal Health and Welfare Department acting in the course and scope of her employment duties at the time of the accident. *See* Doc. Nos. 10-1 to 10-5. These facts are not recited in the Complaint; nor are the cited documents attached to or specifically referenced in the Complaint. Thus, they cannot be considered in an examination of the facial sufficiency of the pleadings.

Plaintiff requests that the Court convert Defendant's Rule 12(b)(1) motion to dismiss into a Rule 56 motion for summary judgment or otherwise allow Plaintiff to conduct discovery on the issues raised in the Rule 12(b)(1) motion. Neither of these steps is appropriate here, where Plaintiff has failed to allege *facts* in the Complaint that plausibly establish that Robinson was acting in the scope of her employment. The deficiency here is an absence of relevant facts on which to base jurisdiction, not a failure of support for any such fact.

In sum, Plaintiff's conclusory statements are insufficient to allow a reasonable inference that Robinson was acting in the scope of her employment for the federal government at the time of the accident. Defendant's Motion must be granted. The Court, however, noting the documentation attached to Plaintiff's Response and that Plaintiff has not previously amended her Complaint, grants Plaintiff leave to do so.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. No. 9) is GRANTED. Plaintiff, however, may file an amended complaint within 21 days of this Order. Otherwise the action will be dismissed without prejudice for lack of subject-matter jurisdiction.

IT IS SO ORDERED this 31st day of March, 2020.

_____
CHARLES B. GOODWIN
United States District Judge